**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
LAWRENCE BIVENS,                :
                                :
          Plaintiff,            :
                                :
     v.                         :   Civil No. 05-3444 (RBK)
                                :
                                :
CORRECTIONAL MEDICAL            :
SERVICES, INC.                  :
                                :
                                :
          Defendant.            :
_____ :
```

**O P I N I O N**

**Kugler**, United States District Judge:

Pro se plaintiff Lawrence Bivens, a prisoner at South Woods State Prison in Bridgeton, New Jersey, seeks injunctive relief against and punitive damages from Defendant Correctional Medical Services, Inc., alleging that Defendant negligently failed to treat Plaintiff's medical condition. In addition, Plaintiff alleges that Defendant violated Plaintiff's Eighth Amendment rights by failing to provide Plaintiff with adequate medical treatment. Defendant moves to dismiss the state law medical malpractice claims, or in the alternative, for summary judgment, arguing that Plaintiff failed to provide an affidavit of merit as required by N.J. STAT. ANN. §§ 2A:53A-27-29. In addition, Defendant moves for summary judgment with regard to the federal

constitutional claims, arguing that 1) Defendant cannot be found liable under a respondeat superior theory under 42 U.S.C. § 1983; 2) Plaintiff failed to offer evidence that Defendant exhibited deliberate indifference with regard to Plaintiff's allegedly serious medical condition; and 3) Plaintiff failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Defendant's motions are unopposed.  For the reasons stated below, the Court grants Defendant's motions.

## I. BACKGROUND

Pro se plaintiff Lawrence Bivens ("Plaintiff") is an inmate at South Woods State Prison in Bridgeton, New Jersey ("South Woods").  Prior to his transfer to South Woods, Plaintiff was in Bayside State Prison ("Bayside") from January 2003 until September 2005.  Defendant Correctional Medical Services, Inc., ("CMS") is a private contractor that provides health care services to inmates at Bayside State Prison.[1]

Th New Jersey Department of Corrections uses a "Health Services Request Form" ("HSRF") which inmates must complete to

---

[1] In the Complaint, Plaintiff incorrectly identifies Defendant as "CMS Health Care Systems, L.L.C."  (Compl. at 5.)
In addition, neither party adequately defines CMS's role at Bayside. However, additional research yielded that the State of New Jersey awarded a contract to CMS for the provision of medical services in the Department of Corrections.  New Jersey Department of Corrections, http://www.state.nj.us/cgi-bin/treas/ purchase/awards05.pl (last visited Sept. 8, 2006).

request medical care. On April 20, 2003, Plaintiff submitted the first in a series of HSRFs.  Plaintiff submitted at least twenty-four HSRFs between April 2003 and June 2005, most of which requested medical attention for Plaintiff's ongoing spells of dizziness. (Def.'s Mot. Summ. J. Ex. B.)  Medical personnel at Bayside saw Plaintiff at least thirty-two times, including several consults with specialists, during the same time period.  In addition, Plaintiff underwent numerous medical tests.

During the time period of which Plaintiff complains, the record reflects that Plaintiff completed three HSRFs.  Plaintiff completed a HSRF on December 28, 2004, and requested to "follow-up with doctor."  (Def.'s Br. Supp. Summ. J. Ex. B.)  On December 29, 2004, a nurse saw Plaintiff at sick call. (Def.'s Br. Supp. Summ. J. Ex. C.)  Plaintiff completed another HSRF on January 6, 2005, requesting a renewal of his prescription for Antivert, which controlled his dizziness.  (Def.'s Br. Supp. Summ. J. Ex. B.)  A nurse practitioner saw Plaintiff on January 7, 2005, and advised Plaintiff to continue with the Antivert and to return to the doctor if the condition worsened.  (Def.'s Br. Supp. Summ. J. Ex. C.)  Plaintiff completed a HSRF on February 18, 2005, complaining of flu symptoms.  (Def.'s Br. Supp. Summ. J. Ex. B.)  A nurse saw Plaintiff on February 19, 2005.  (Def.'s Br. Supp. Summ. J. Ex. C.)

On July 6, 2005, Plaintiff filed a pro se complaint in

United States District Court, District of New Jersey, alleging that Defendant "turned down" all of Plaintiff's requests for medical care in December 2004, January 2005, and February 2005. In the complaint, Plaintiff describes "swelling" in "various parts of [his] body," as well as "daily spouts of dizziness." Plaintiff alleges that Defendant "failed to provide any medical attention" for this medical condition.

On March 20, 2006, Defendant filed a motion to dismiss Plaintiff's state medical malpractice claim with prejudice, or in the alternative, for summary judgment, because Plaintiff failed to file and serve an affidavit of merit as required by N.J. STAT. ANN. §§ 2A:53A-27-29. On April 7, 2006, Defendant moved for summary judgment on the federal constitutional claims, alleging that 1) Defendant cannot be found liable under a respondeat superior theory under 42 U.S.C. § 1983; 2) Plaintiff failed to offer evidence that Defendant exhibited deliberate indifference with regard to Plaintiff's allegedly serious medical condition; and 3) Plaintiff failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff filed no briefs or related documentation opposing either motion.

**II.   MOTION TO DISMISS - STATE LAW MEDICAL MALPRACTICE CLAIM**

    **A.   Standard of Review**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiffs can prove no set of facts that would entitle them to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

    **B.   Discussion**

The Court has supplemental jurisdiction over the state medical malpractice claim pursuant to 28 U.S.C. § 1367(a).

In 1995, the New Jersey legislature passed the Affidavit of Merit Statute ("Statute"). See N.J. STAT. ANN. §§ 2A:53A-26-29. The legislature intended the Statute to "require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious" so that frivolous claims can "be identified at an early stage of litigation." In re Petition of Hall, 147 N.J. 379, 391 (1997).

The Statute requires plaintiffs seeking damages for personal injuries "resulting from an alleged act of malpractice or

5

negligence by a licensed person in his profession or occupation," to provide an "affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised . . . in the treatment . . . that is the subject of the complaint fell outside acceptable . . . treatment practices." N.J. Stat. Ann. § 2A:53A-27. This affidavit must be provided within sixty days of the defendant's filing of the answer. Id.

The Statute provides that if a plaintiff does not provide the affidavit of merit within the prescribed time frame, a court should deem it a failure to state a claim. N.J. Stat. Ann. § 2A:53A-29. The Supreme Court of New Jersey stated that dismissal for failure to provide an affidavit as required by the Statute should be with prejudice in all but "extraordinary circumstances." Cornblatt v. Barow, 153 N.J. 218, 247 (1998). What constitutes "extraordinary circumstances" is a fact-sensitive analysis. Chamberlain v. Giampapa, 210 F.3d 154, 162 (3d Cir. 2000) (quoting Hartsfield v. Fantini, 149 N.J. 611, 618 (1997)). For a plaintiff to establish "extraordinary circumstances," the court must determine that the failure to provide the affidavit did not arise from the attorney's mere carelessness or lack of proper diligence. Chamberlain, 210 F.3d at 162 (quoting Hartsfield, 149 N.J. at 618).

In this case, Plaintiff did not file an affidavit of merit

6

within sixty days of Defendant filing the answer. Nor did Plaintiff establish "extraordinary circumstances" to excuse his failure to file and avoid dismissal with prejudice.  Although Plaintiff did not file papers opposing Defendant's motion to dismiss, the Court notes that Plaintiff's status as a pro se litigant does not excuse his failure to file an affidavit of merit.  See Lee v. Thompson, 163 F.App'x 142, 144 (3d Cir. 2006). Although the Court has an "obligation to liberally construe a pro se litigant's pleadings, 'ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline.'" Id. (quoting Hyman Zamft and Manard v. Cornell, 309 N.J. Super. 586, 593 (App. Div. 1998)).

The Court finds that Plaintiff failed to file an affidavit of merit as required under New Jersey law.  The Court further finds that the Plaintiff did not establish "extraordinary circumstances" that would adequately excuse his failure to file. As a result, Defendant's motion to dismiss Plaintiff's state law-based medical malpractice claim is granted.

**III.   MOTION FOR SUMMARY JUDGMENT - FEDERAL CONSTITUTIONAL CLAIM**

**A. Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under the applicable law. Id. In deciding whether there is a disputed issue of material fact, a court must view the facts and all reasonable inferences in a light most favorable to the nonmoving party. Id. at 250.

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The non-moving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions, conclusory allegations or suspicions" to establish the existence of a genuine issue of material of fact. Fed. R.

8

Civ. P. 56(e).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court.  BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**B.   Discussion**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Defendants move for summary judgment on three grounds: 1) Defendant cannot be found liable under a respondeat superior theory under 42 U.S.C. § 1983; 2) Plaintiff failed to offer evidence that Defendant exhibited deliberate indifference with regard to Plaintiff's allegedly serious medical condition; and 3) Plaintiff failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

1. Deliberate Indifference

To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a person acting under the color of state law violated the plaintiff's constitutional rights, or the laws of the United States.  Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).  Defendant concedes that CMS

9

acts under color of state law because it is a private corporation providing medical services to state correctional inmates. (Def.'s Br. Supp. Summ. J. at 18.)

Plaintiff alleges that CMS violated his Eighth Amendment rights by failing to attend to his requests for medical care in December 2004, January 2005, and February 2005.  In Estelle v. Gamble, the United States Supreme Court found that failure to provide adequate medical care to convicted prisoners can constitute cruel and unusual punishment, as proscribed by the Eighth Amendment. 429 U.S. 97, 103-04 (1976).  The Estelle Court further held that to establish an Eighth Amendment violation for failure to provide adequate medical care, a plaintiff must demonstrate that 1) the plaintiff had a serious medical need and 2) that the defendant was deliberately indifferent to the plaintiff's serious medical need.  Id.  In a subsequent case, the Supreme Court expounded on the "deliberate indifference" standard as requiring the plaintiff to show that the prison official "[knew] of and disregard[ed] an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994). To survive a summary judgment motion, a plaintiff alleging deliberate indifference to a serious medical need "must point to some evidence beyond [plaintiff's] raw claim that [the defendant was] 'deliberately indifferent,' or . . . some evidence 'that [the defendant] knew of . . . the risk to [the plaintiff].'"

10

Natale, 318 F.3d at 582. Courts have determined that mere allegations of malpractice, such as selecting the incorrect course of treatment, do not rise to the level of cruel and unusual punishment. Estelle, 429 U.S. at 107 (finding that a physician's choice of diagnostic technique and form of treatment was a matter of medical judgment and was not a cognizable Eighth Amendment claim).

Even assuming that Plaintiff's medical needs are serious, as required by the first prong of the Estelle test, Plaintiff fails to pass the second prong of the Estelle test.  Plaintiff presented no evidence, beyond the mere allegations in his complaint, that CMS was deliberately indifferent to his allegedly serious medical needs.  Moreover, the record demonstrates that during the relevant time period of December 2004 through February 2005, Plaintiff filed three HSRFs, to all of which CMS responded within twenty-four hours.  (Def.'s Br. Summ. J. Ex. B, C.) Although Plaintiff might disagree with the course of treatment the CMS staff provided, such disagreement with professional medical judgment does not reach the level of deliberate indifference, as required by Estelle and its progeny.

In sum, Plaintiff failed to offer any objective evidence such that a reasonable fact finder could conclude that CMS acted with deliberate disregard to Plaintiff's allegedly serious

11

medical needs.[2]

**IV.    CONCLUSION**

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's state law medical malpractice claim.  In addition, the Court grants Defendant's motion for summary judgment as to Plaintiff's constitutional claims.


DATE:     9/14/2006                    s/Robert B. Kugler
                                       ROBERT B. KUGLER
                                       U.S. DISTRICT JUDGE

---

[2] Because the Court finds that Plaintiff failed to establish an Eighth Amendment violation in the first instance, the Court need not address Defendant's alternative arguments that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act and that CMS could not be found liable on a theory of respondeat superior under 42 U.S.C. § 1983.